Erwin J. Shustak (CA Bar No. 119152)
eshustak@shufirm.com
Robert L. Hill (CA Bar No. 241624)
rhill@shufirm.com
Jessica H. Antoniades (CA Bar No. 279658)
jantoniades@shufirm.com
SHUSTAK & PARTNERS, P.C.
401 West "A" Street, Suite 2330
San Diego, CA  92101
Telephone:   (619) 696-9500
Facsimile:    (619) 615-5290

Attorneys for Plaintiff and Counterclaim Defendant,
IDOR SECURITY SOLUTIONS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDOR SECURITY SOLUTIONS, LLC, a Nevada Corporation,<br><br>    Plaintiff,<br><br> vs.<br><br>IDOORCAM, INC. and DOES 1-4,000, inclusive,<br><br>    Defendants. | Case No. SACV13-1473JVS (JPRx)<br><br>**STIPULATION AND PROTECTIVE ORDER** |
| IDOORCAM, INC.,<br><br>    Counterclaimant,<br><br> vs.<br><br>IDOR SECURITY SOLUTIONS, LLC, a Nevada Corporation,<br><br>    Counterclaim Defendant. | |

Plaintiff/Counterclaim Defendant iDor Security Solutions, LLC ("Plaintiff") and Defendant/Counterclaimant iDoorCam, Inc. ("Defendant") (collectively the "Parties"), by and through their respective counsel, hereby agree and stipulate as follows:

WHEREAS, Plaintiff and Defendant regard certain of the documents and information related to this litigation as containing or constituting confidential information and/or proprietary information belonging to one or more of the parties; and

WHEREAS, the party or parties producing such information could and likely would suffer prejudice if the review and dissemination thereof is not reasonably restricted;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

1. The Parties agree that certain information, documents and/or things produced in this litigation may contain proprietary, confidential or commercially sensitive material. Any information, document, or transcript related to this litigation that is reasonably believed by one or more of the Parties to contain proprietary, confidential or commercially sensitive material may be designated as "Confidential Material." As used herein, Confidential Material may include, but is not necessarily limited to, the following: (a) all papers, tapes, documents, disks, diskettes, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions herein and exhibits attached thereto; (c) transcripts of any Court proceeding and (d) all copies, extracts, and/or complete or partial summaries prepared from such documents. Confidential Material does not include publicly available documents or documents independently obtained by the other party. The designation of Confidential Material shall be made in good faith.

2. Designation of Confidential Material may be made by stamping or otherwise marking the material as follows: "Confidential."

3.     A party may designate as "Highly Confidential Material" any material that contains current or prospective: highly sensitive, highly proprietary and non-public engineering, design, research and development analysis, or customer information, information covered by federal or state privacy laws, and/or communications regarding any Highly Confidential Material or any other highly sensitive information of current or prospective significance.

4.     Designation of Highly Confidential Material may be made by stamping or otherwise marking the material as follows: "Highly Confidential."  A party will act in good faith in designating materials as "Highly Confidential" and only do so when the party reasonably believes the material, if disseminated, would result in substantial harm to the party by disclosing highly proprietary information.

5.     If a producing party inadvertently fails to stamp certain documents upon their production, it may designate such documents as Confidential or Highly Confidential Material by giving written notice to the receiving party that the document or thing produced is deemed Confidential or Highly Confidential Material, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The party seeking to make the correction must provide substitute copies of each item, appropriately designated and the receiving party must treat the materials as confidential, once the designating party so notifies the receiving party.  The party receiving the substitute copies shall take reasonable efforts to return or destroy the previous unmarked items and copies thereof promptly and agrees not to object to the expunging of other Confidential Material inadvertently initially produced without the proper designation and/or copies, derivations, or extracts therefrom, and compilations and summaries thereof, from deposition transcripts and exhibits, court filings, and other documents.  If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.  Counsel for the parties will agree on a mutually acceptable manner of

labeling or marking the inadvertently produced materials as "Confidential" or "Highly Confidential." Such inadvertent disclosure shall not be deemed a waiver in whole or in party of the producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

      6.      Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

      (a)      the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "Confidential" or "Highly Confidential"; until the expiration of fourteen (14) days after receipt of the transcript of such testimony, all testimony will be treated as "Highly Confidential";

      (b)      in the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties.";

      (c)      the disclosing party will have the right to exclude from attendance at an oral deposition, during such time as the Confidential Information is

to be disclosed or discussed, any person other than the deponent, counsel (including their staff and associates), the court reporter, videographer (if applicable) and the person(s) agreed upon pursuant to paragraph 8 below; and

(d) the originals of the deposition transcripts and all copies of the deposition must bear the legend "Confidential" or "Highly Confidential" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. Any party who believes that another party hereunder has inappropriately designated materials as Confidential or Highly Confidential shall make reasonable and diligent efforts to meet and confer with the designating party in an effort to reach an informal resolution to the dispute. If, after such efforts, the Parties are unable to resolve the dispute, the objecting party may file a Motion with the Court under Local Rule 37 challenging the designation. Until the Court rules to the contrary, all materials designated Confidential or Highly Confidential Material shall be treated as prescribed in this Stipulation and Protective Order.

8. All documents produced by, or discovery responses of, any party in these proceedings, as well as all deposition or hearing testimony in these proceedings, that are designated as Confidential or Highly Confidential Material, shall be used solely in connection with, and only as necessary to, this litigation or any related appellate proceedings, and further proceedings resulting therefrom, and shall not be used for any other purpose, including without limitation other litigation or any business, competitive or governmental purpose or function. However, if any party is served with a subpoena calling for the production of documents or discovery responses that have been produced by another party in these proceedings, whether or not designated as Confidential or

Highly Confidential Material, the subpoenaed party shall promptly give written notice to the producing party before compliance with the subpoena so as to allow the producing party sufficient time to seek protection from the Court.

9. Confidential and Highly Confidential Material and information derived from Confidential and Highly Confidential Material shall not be disclosed except as set forth in paragraphs 10-13.

10. Confidential Material may be disclosed to the following persons:
   (a) Three designated representatives of each party to this lawsuit who are actively involved in assisting with the prosecution or defense of this litigation;
   (b) Outside counsel of record for any party to this litigation;
   (c) Paralegal, stenographic, clerical, and secretarial personnel employed by counsel listed in (b);
   (d) Outside photocopying, graphic production services or litigation support services employed by the Parties' counsel to assist in this litigation, and computer service personnel performing duties in relation to a computerized litigation system;
   (e) Judges, law clerks, and court personnel, including stenographic, video or audio reporters engaged to record depositions in this litigation;
   (f) Any outside expert(s) or consultant(s) retained in connection with this litigation, and staff associated with such experts; and
   (g) Mediators and/or facilitators mediating or facilitating a resolution of this action.

11. Highly Confidential Material may be disclosed to the following persons:
   (a) Outside counsel of record for any party to this litigation and their staff;

(b) Outside photocopying, graphic production services or litigation support services employed by the Parties' counsel to assist in this litigation, and computer service personnel performing duties in relation to a computerized litigation system;

(c) Judges, law clerks, and court personnel, including stenographic, video or audio reporters engaged to record depositions in this litigation;

(d) Any outside expert(s) or consultant(s) retained in connection with this litigation, and staff associated with such experts;

(e) Any contract support personnel employed or retained by, any of the foregoing persons listed in (a) above provided that such persons are actively involved in assisting with the prosecution or defense of this Litigation; and

(f) Mediators and/or facilitators mediating or facilitating a resolution of this action.

12. Each individual identified in paragraphs 10 (f) and 11 (d) and (e) above to whom Confidential or Highly Confidential Material is furnished, shown, or disclosed shall, before the time he or she receives access to such materials, be provided by counsel furnishing him or her such material with a copy of this Order, and shall affirm that he or she has carefully read the Order and fully understands the terms of the Order, and agrees to be bound thereto, by signing the certificate attached as Exhibit A. Counsel making disclosure to any person as described in this paragraph shall retain the original executed copy of this certificate until final termination of this litigation.

13. The restrictions on the use of Confidential or Highly Confidential Material established under this Order do not apply to the party, person, or entity producing such material, except that if such party, person, or entity disseminates Confidential or Highly Confidential Material in a manner inconsistent with the claim that it is proprietary or

confidential, any party may assert to the Court that such material is no longer entitled to be treated as Confidential or Highly Confidential Material.

14. The foregoing is without prejudice to the right of any party to this Stipulation: (a) to apply to the Court for further or additional protection for any Confidential or Highly Confidential Material, including but not limited to expanding the scope of this Order to include additional categories of Confidential or Highly Confidential Material; (b) to object to the request for production of documents or information that it considers to be not properly subject to discovery; (c) to apply to the Court for an order compelling production of documents or modification of this Order or for any Order permitting disclosure of Confidential or Highly Confidential Material beyond the terms of this Order; or (d) to seek access to Confidential or Highly Confidential Material in any other proceeding. (A) and (C) must be pursuant to Local Rule 37.

15. Nothing contained in this Order shall preclude any party at deposition or trial from showing any Confidential or Highly Confidential Material or disclosing information derived therefrom to any witness presently or formerly employed by or affiliated with the party producing such material.

16. At the conclusion of this litigation and of any related appellate proceedings, or upon other termination of this proceeding, all Confidential or Highly Confidential Material and any copies made thereof received under the provisions of this Order shall be returned to the producing party, person, or entity, or, at the direction of the producing party, person, or entity, shall be promptly destroyed. Provisions of this Order shall continue to be binding on all persons subject to the terms of this Order until further order of the Court. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product

materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

17. If a party inadvertently produces material, whether stamped "Confidential," "Highly Confidential" or not, such production shall not constitute a waiver of, or prejudice or estop, any claim of privilege, work product, or other ground for withholding production which the producing party would otherwise be entitled to claim. On notice by the producing party, the materials inadvertently produced, and any and all copies, shall be promptly returned to the producing party by all persons and/or entities in receipt of those materials, and the receiving party or parties shall not use such materials for any purpose other than in connection with a motion to compel (which shall be filed pursuant to Local Rule 79-5) until further order of the Court.

18. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal pursuant to Local Rule 79-5. This Order does not prevent the provision of such materials to the Court, as requested by the Court, for inspection *in camera*. Nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

19. Each party and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. Confidential Information must be stored and maintained by a party at a location and in a secure manner that ensures that access is limited to persons authorized under this Order. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure

must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

20. The parties will not be required to list privileged and attorney work-product information involving litigation counsel (whether outside or in-house) for either side that is dated after September 19, 2013, the date Plaintiff filed this lawsuit, in any privilege log required under Fed. R. Civ. P. 26(b)(5) or any applicable local rule.

21. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

22. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

23. Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

24. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

25. The restrictions and obligations within this order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

26. Transmission by either facsimile or electronic mail is acceptable for all notification purposes within this order.

27. All persons subject to the terms of this Order agree that the Court shall retain jurisdiction over them for the purpose of enforcing this Order.

**IT IS SO ORDERED.**

Dated: January 03, 2014

_____

HON. JEAN P. ROSENBLUTH
UNITED STATES MAGISTRATE JUDGE

Dated: December 13, 2013     SHUSTAK & PARTNERS, P.C.

By:   /s/ Jessica H. Antoniades
Jessica H. Antoniades

Attorneys for Plaintiff

Dated: December 13, 2013     KNOBBE, MARTENS, OLSON & BEAR, LLP

By:   /s/ Gregory B. Phillips
Gregory B. Phillips

Attorneys for Defendant

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDOR SECURITY SOLUTIONS, LLC, a Nevada Corporation,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>IDOORCAM, INC. and DOES 1-4,000, inclusive,<br><br>　　　　　　Defendants. | Case No. SACV13-1473JVS (JPRx)<br><br>**CERTIFICATE RE: STIPULATED PROTECTIVE ORDER** |
| IDOORCAM, INC.,<br><br>　　　　　　Counterclaimant,<br><br>　vs.<br><br>IDOR SECURITY SOLUTIONS, LLC, a Nevada Corporation,<br><br>　　　　　　Counterclaim Defendant. | |

**CERTIFICATE RE: STIPULATED PROTECTIVE ORDER**

　　　I hereby certify that I have been given a copy of and have carefully read the Stipulated Protective Order in the above-captioned case, and that I fully understand the terms of that Order, a copy of which is attached. I recognize that I am bound by the terms of the Protective Order, and I agree to comply with those terms.

　　　I understand that Confidential or Highly Confidential Material and any copies, notes or other records that may be made regarding Confidential or Highly Confidential Material, shall not be used by me or disclosed by me to others, except in conformity with the terms of the Stipulated Protective Order.

　　　I agree to return immediately all Confidential or Highly Confidential Material and any copies, notes or other records that may be made regarding Confidential or Highly

Confidential Material to the attorney who provided it to me upon request.  I agree not to disclose Confidential or Highly Confidential Material to anyone who has not agreed to be bound by the Protective Order.

I agree to use Confidential or Highly Confidential Material only in connection with this litigation and not for any other purpose, including without limitation any other litigation or any business, competitive or governmental purpose or function.

Executed this _____ day of _____ at _____.

_____
Signature

Name:            _____

Affiliation:       _____

Business Address:  _____

_____

Home Address:    _____

_____

16833389
121113

13

STIPULATION AND PROTECTIVE ORDER